UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN ALONSO PORTAL,

    Petitioner,

v.                               Case No.: 2:26-cv-00590-SPC-DNF

KRISTI NOEM *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

    Before the Court are Adrian Alonso Portal's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Alonso Portal's reply (Doc. 8). For the below reasons, the Court grants the petition.

    Alonso Portal is a native and citizen of Cuba who entered the United States on February 19, 2022. He has a pending asylum application, and he is the beneficiary of an approved Form I-130 (Petition for Alien Relative) filed by his U.S. citizen brother. On February 25, 2026, local law enforcement arrested Alonso Portal for reckless driving and turned him over to Immigration and Customs Enforcement ("ICE"). He has no other criminal record. Alonso Portal is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

    The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Alonso Portal. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Alonso Portal asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims and (2) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Alonso Portal's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Alonso Portal has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Alonso Portal before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Alonso Portal's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a bond hearing that satisfies these requirements. To be clear, subjecting Alonso Portal to mandatory detention under § 1225(b)(2) is unlawful. If Alonso Portal does not receive a bond hearing that complies with this Order within ten days, the respondents must release him.

Accordingly, it is hereby

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

**ORDERED**:

Adrian Alonso Portal's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Alonso Portal for an individualized bond hearing before an immigration judge or (2) release Alonso Portal under reasonable conditions of supervision. If the respondents release Alonso Portal, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record